# 18 CV 8298

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Marcia Pennicott

Write the full name of each plaintiff.

JUDGE ABRAMS

_____CV_____
(Include case number if one has been assigned)

-against-

Federal National Mortgage Association
Pelham Town Court Westchester County
State of NY, Westchester County Executive Dept.
Westchester County Police, Westchester County Sheriff Dept.

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   CV_____
MARCIA PENNICOTT

                                      Petitioner         PETITION UNDER 28 U.S.C. § 2254
                                                                    FOR WRIT OF HABEAS CORPUS BY
  -against-                                                          A PERSON IN STATE CUSTODY

FEDERAL NATIONAL MORTGAGE ASSOCIATION,     Real Property Actions and
PELHAM TOWN COURT/ WESTCHESTER COUNTY     Proceedings Law - RPA § 1106
STATE OF NEW YORK, STATE OF NEW YORK,
WESTCHESTER COUNTY EXECUTIVE DEPARTMENT,
WESTCHESTER COUNTY POLICE, WESTCHESTER
COUNTY SHERIFF'S DEPARTMENT,

                                      Respondents
-----------------------------------------------------------------X

**PETITION**

1. (a) Name and location of court that entered the judgment you are challenging:

   Pelham Town Court/ Westchester County New York

   (b) docket or case number L&T Index 15090226/2015

2. (a) Date of the judgment 10/14/2015

3. Holdover Warrant

4. Action taken : Notice of removal to federal Court pursuant to 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs case No is 18-CV-3766(CS)

5. The petitioner in the Pelham town court action is citizen of a different state and the amount in controversy is more than $75,000 . The action is currently pending

6. The removal was filed on April 27th , 2018 to date the respondent has not moved to remand the case back to Pelham Town Court. It has been more than 30 days and the respondent time to move has passed.

7. A motion to dismiss was filed on September 9th, 2018 and is currently pending.

8. An appeal has been filed in second circuit for an order denying Petitioner Marcia Pennicott her right to due process to redeem and retain her property pursuant to 11 U.S.C. 722, Rule 6008 inter alia the case number case number for said motion FOR authority to redeem is Case No: 16-22681( RDD)

9. A case number is pending for the appeal from that order this instant.

10. A jury trial is requested in the instant proceedings.

11. A petition for certiorari in the United States Supreme Court was not filed as of date.

12. Previous order to show cause in Pelham court and the bankruptcy court with aforementioned case numbers were applied for and denied.

13. Petitioner contends that the state actors , agents and others acting in consort have violated this petitioner's right to due process.

14. Under both the Fifth and Fourteenth Amendments to the U.S. Constitution, neither the federal government nor state governments may deprive any person "of life, liberty, or property without due process of law."

15. Chief Justice William Howard Taft explained the purpose behind the clauses in Truax v. Corrigan (1921) as follows: "The due process clause requires that every man shall have the protection of his day in court, and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society. It, of course, tends to secure equality of law in the sense that it makes a required minimum of protection for every one's right of life, liberty, and property, which the Congress or the Legislature may not withhold."

16. The Notice of removal effected in the district court from the Pelham town court removes jurisdiction for that court to continue any proceedings encroaching the petitioners right to due process.

17. Petitioner has raised numerous grounds for relief in state court, appelas and bankruptcy courts having jurisdiction.

18. The one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition because of extraordinary circumstances for one the action has been removed and is now in federal court. Two there was much controversy or the warrant wherein the Pelham court attested that there was no judgment or warrant issued by that court against the subject property and Petitioners 991 grant Avenue, Pelham manor, NY 10803. This occurred just about a year ago. A copy of the letter from the Court is attached herein.

   (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

## STATEMENT OF THE GROUNDS FOR REVIEW

"Every person restrained of his liberty is entitled to a remedy to inquire into the lawfulness thereof, and to remove the restraint if unlawful, and that remedy shall not be denied or delayed." N.C. Const. art. 1, § 21; N.C. Gen. Stat. § 17-1. The party seeking relief or any person acting on his behalf may apply for the writ of habeas corpus with any one of the superior court judges, either during a session or in vacation.

Due to the existence of unlawful conduct of state actors in the obtaining of the judgment but not limited therein, imminent harm and irreparable injury with no adequate remedy at law for damages will befall petitioner and her family without the issuance of the writ. Due to the exigent circumstances petitioner reserves all rights to amend and or supplement these pleadings.

Therefore, Petitioner respectfully requests this Court to issue a **WRIT OF HABEAS CORPUS** and:

1. Order Petitioner(s) and her family be immediately and be restored to the premises known as 991 Grant Avenue, Pelham Manor, NY 10803 and provide a copy of the order to the Office of Combined Records for his immediate release;

2. Orderd that petitioner's personal effects and property be imdeiately be returned to her or in the alternative that that she be afforded unrestricted access to her property without provocation .

3. Alternatively, that a hearing will be set by the Court without delay for a hearing, pursuant to 28 U.S.C. § 2254 inter alia for a Writ of Habeas Corpus

This 12th day of September, 2018.

or any other relief to which petitioner may be entitled.

_____
Marcia Pennicott – Petitioner

## VERIFICATION

The undersigned, Marcia Pennicott, having been duly sworn, says and deposes that she is the Petitioner in this matter, that the factual allegations contained herein are all upon personal knowledge, information and belief as to the extent of a ly person's knowledge of applicable law and review of the court file in the Petitioner's case available from the Clerk of the various Courts, and that on the basis of these documents, the undersigned is informed and believes the allegations herein to be true and accurate.

_____
Marcia Pennicott- Petitioner

Sworn and subscribed before me
this 12 day of Sept, 2018.

Notary Public: _____

Windy DeJesus
Notary Public State of New York
No. 01DE6265592
Qualified In Bronx County
Commision Expires July 23, 2020

# Pelham Town Court
## 34 Fifth Avenue
## Pelham, NY 10803

John DeChiaro
Town Justice

914-738-7030
914-738-0382

October 27, 2017

FELICIA EKEJIUBA, ESQ
FEIN, SUCH & CRANE, LLP
1400 OLD COUNTRY ROAD, SUITE C103
WESTBURY, NY 11590

Regarding your client:

FEDERAL NATIONAL MORTGAGE ASSOC
C/O FEIN, SUCH & CRANE, LLP
1400 OLD COUNTRY ROAD, SUITE C103
WESTBURY, NY 11590

Re. | Case No. | Statute/Section | Description: | Ticket No.
--- | --- | --- | --- | ---
 | 15090226.01 | CIV | Summary Proceeding | 

**Recent Date: 10/26/2017**

To Whom It May Concern:

Please be advised that the Pelham Town Court never received a Judgment & Warrant in connection with the above matter.

Sincerely,

Patricia Tobin
Court Clerk

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
14221 Dallas Parkway, suite 1000, Dallas, Texas 75254

        18-CV-3766(CS)

     Plaintiff,

 -against-

MARCIA PENNICOTT; GLENMORE PENNICOTT;
ANDRE PENNICOTT; DANIEL PENNICOTT; SANCIA
V. FRASER; PAULETTE KERR; JOHN DOE 1-2; JANE
DOE 1-2; ALL OTHER OCCUPANTS,

     Defendants,
------------------------------------------------------------X

**MOTION TO DISMISS**

**AND MEMORANDUM IN SUPPORT**

**Pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), 12(h)(3)**

## DEFENDANT'S MOTION TO DISMISS ON ACCOUNT OF PLAINTIFF'S FAILURE TO MEET AMOUNT IN CONTROVERSY REQUIREMENT

1. Marcia Pennicott files this motion to dismiss for failure of the Plaintiff to meet the jurisdictional amount in controversy requirement. The amount in controversy exceeds $75,000 and the parties are "diverse" in citizenship. In view of this holding, the $75,000 amount in controversy requirement cannot be met. Hence, respectfully, the Pelham Town Court lacks jurisdiction over this action.

2. Marcia Pennicott files this motion to dismiss, asking the Court to dismiss FEDERAL NATIONAL MORTGAGE ASSOCIATION., petition for lack of subject matter jurisdiction. Marcia Pennicott contends that the amount in controversy exceeds the $75,000 statutory minimum. Marcia Pennicott is a citizen of New York and is domiciled in New York. FEDERAL NATIONAL MORTGAGE ASSOCIATION., is incorporated



in Washington DC and has corporate address of 14221 Dallas Parkway, suite 1000, Dallas, Texas 75254

3. The Complaint invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon diversity ( See Complaint ), and asserts that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

Section 1332 of the Judicial Code provides in pertinent part:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
(1) citizens of different States;

Plaintiff cannot possibly meet the $75,000 jurisdictional amount requirement, the *sine qua non* for the district court's exercise of subject matter jurisdiction over this action. Nor can the Petition be amended to fix this jurisdictional defect.

## ARGUMENT

4. The plaintiff asserting jurisdiction always bears the burden of establishing the amount in controversy once it has been put in question. Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993). The D.C. Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction in Broida v. First Union Visa Corp., 1999 U.S. App. LEXIS 32761 (D.C. Cir. 1999), explaining its rationale as follows:

Dismissal is justified because "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." Rosenboro v. Kim, 301 U.S. App. D.C. 286, 994 F.2d 13, 16-17 (D.C. Cir. 1993) (quoting St. Paul Mercury

Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 82 L. Ed. 845, 58 S. Ct. 586 (1938)).

5. Likewise, in the case *sub judice*, Plaintiff has failed to make any allegation of damages proximately resulting from the issuance of the subject note. It is unimaginable that Plaintiff can in good faith, consistent with the pleading requirements of Rule 11 of the Federal Rules of Civil Procedure, allege in a motion to amend or in an amended complaint that the amount in controversy in this action exceeds $75,000, given this Court's decision on the governing statute of limitations.

6. The general rule is that a defendant is bound by the amount specified in a plaintiff's complaint. However, even with a specific demand, "the plaintiff's pleadings are not wholly dispositive . . . [because] the Court must examine not just the amount claimed by the plaintiff, but also his actual legal claims. The amount in controversy is measured by a reasonable reading of the value of the rights being litigated." Harvey v. Liberty Mut. Grp., Inc., No. 13-cv-04693, 2014 WL 1244059, at *2 (E.D. Pa. Mar. 26, 2014) (internal citation omitted).

**PLAINTIFF FAILED TO MOVE FOR REMAND**

7. The provisions for remand are set forth in 28 U.S.C. § 1447(c). The first provision within section 1447(c) is directed at plaintiffs. It specifies, "[a] motion to remand the case on the basis of any defect other than lack of subject matter

jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

8. By operation of law plaintiff has acquiesce by tacit procuration and has consented to the removal by default inter alia.

## CONCLUSION

Accordingly, this case should be dismissed there is complete diversity and the amount in controversy requirement under 28 U.S.C. § 1332, Nor can it be alleged in good faith. Respectfully, The Pelham Town Court lacked/lacks subject matter jurisdiction to adjudicate this Controversy. Defendant reserves all rights to amend, supplement, enjoin or assert any and all of her unalienable rights bar none.

Respectfully presented.

_____
Marcia Pennicott

Sworn To before me

This ___4th___ day of __September__ 2018

_____
NOTARY

JOSEPH SAM MAZZA
Notary Public, State of New York
No. 04MA6045640
Qualified in Westchester County
Commission Expires July 31, __2022__

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
14221 Dallas Parkway, suite 1000, Dallas, Texas 75254

18-CV-3766(CS)

Plaintiff,

-against-

MARCIA PENNICOTT; GLENMORE PENNICOTT;
ANDRE PENNICOTT; DANIEL PENNICOTT; SANCIA
V. FRASER; PAULETTE KERR; JOHN DOE 1-2; JANE
DOE 1-2; ALL OTHER OCCUPANTS,

Defendants,
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT

1. The Supreme Court has explained that the "triad of injury in fact, causation, and redressability constitutes the core of Article III's case or-controversy requirement." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103–04 (1998) (footnote omitted). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see also Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). ("To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision."). When a lawsuit no longer presents a live controversy, the court loses subject matter jurisdiction and can proceed no further:

> **Without jurisdiction the court cannot proceed at all in any cause.**
> **Jurisdiction is power to declare the law, and when it ceases to exist,**
> **the only function remaining to the court is that of announcing the fact**
> **and dismissing the cause.**

1. Plaintiffs' inability to identify any threat of injury deprives them of a concrete stake in the outcome of this case, rendering the case moot and divesting this Court of subject matter jurisdiction

2. To establish diversity jurisdiction, there must be not only complete diversity of the parties, but the matter in controversy must also exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The standard for determining whether the jurisdictional amount in controversy requirement is met has been long established: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court. <u>St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Back Doctors Ltd. v. Metro. Prop. & Case. Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011).</u>

3. This action was initiated in the Pelham Town Court on or around august 2015

4. The action actually wrongfully initiated as the amount the peteitioner is trying to recover is greater than $75,000.00 The estimated value of the property according to the current real estate market is $771,003. See **Exhibit A**

5. This is not a case of a state court loser seeking remedy from the Federal Court.

6. Defendant alleges claims of (1) securities fraud, violation of New York Blue Sky laws, INTER ALIA .

7. The documents before the lower court are replete with errors not excluding the amount in controversy and the amount does not meet the threshold as required to obtain jurisdiction.

8. Furthermore the action in the lower court is not an in rem action further divesting the lower court of jurisdiction.

9. The amount in controversy exceeds $75,000. See 28 U.S.C. § 1331; Frank v. Bear Stearns & Company, 128 F.3d 919, 922 (5th Cir. 1997.

10. National banks are statutorily deemed citizens of the state in which they are "located." 28 U.S.C. § 1348. The Supreme Court has held that "located" means the location of a bank's principal office, as set forth in its articles of association.

11. There can be no doubt that the parties are diverse but if there are any doubts if there is doubt about a plaintiff's citizenship, courts have been willing to grant a removing defendant additional time to assert diversity properly. *See, e.g., Icard Stored Value Solutions, LLC v. W. Suburban Bank*, No. 4:07-CV-1539 CAS, 2007 U.S. Dist. Lexis 74408, at *4 (E.D. Mo. Oct. 4, 2007) (granting the defendant additional time "to establish the existence of the requisite diversity of citizenship of the parties"). Indeed, the federal statute states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

12. Federal courts' actual subject-matter jurisdiction derives from Congressional enabling statutes, such as 28 U.S.C. §§ 1330-1369 and 28 U.S.C. §§ 1441-1452. The United States Congress has not extended federal courts' subject-matter jurisdiction to its constitutional limits. The amount-in-controversy requirement for diversity jurisdiction is based on 28 U.S.C. §1332, not a constitutional restriction.

13. The enabling statute for federal question jurisdiction, 28 U.S.C. § 1331, provides that the district courts have subject-matter jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States.

14. In the instant case all criterias are met; Complete diversity requirement

    ( i) .No defendant is a citizen of the same state as any plaintiff

    (ii) Amount in controversy requirement, the matter in controversy exceeds $75,000

15. According to Rule 12(h)(3) of theFederal Rules of Civil Procedure, a federal court must dismiss a cas for lack of subject-matter jurisdiction upon motion of a party or sua sponte, upon its own initiative

16. It is held that providing the filing of a copy of the notice of removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded" — has been unchanged since 1948. The state court from which the case is removed is not itself involved in a removal proceeding. See Heilman v. Fla. Dep't of Revenue, 727 So. 2d 958, 960 (Fla. 4th DCA 1998). Under 28 U.S.C. § 1446 as it exists today, moreover, "removal does not require permission or an order by the federal court, nor can a federal court 'grant' or 'deny' removal since removal is automatic.

17. An action by any state court actors , municipalities or employees, civil servant acting on any authority of the state court is a direct violation of the defendant rights and is an automatic title 42 Section 1983 violation.

## CONCLUSION

For these reasons the Complaint should be dismissed, or in the alternative, that the appropriate parties be substituted or joined as the Court deems proper. Dismissal of the petition is required under FED. R. CIV. P. 12(b)(1) & (6) because the Complaint fails to allege any law that defendants have violated. For this, and the other reasons set forth in the accompanying Memorandum in Support, the complaint should be granted.

Respectfully Presented,

Dated: 9/04/2018

_____
Marcia Pennicott

Sworn to before me

This 4th day of September 2018

_____
NOTARY

JOSEPH SAM MAZZA
Notary Public, State of New York
No. 04MA6045640
Qualified in Westchester County
Commission Expires July 31, _____

## CERTIFICATION OF SERVICE

I hereby certify that, on the date below, a copy of the above was dispatched via U.S. Mail, First Class, to all counsel and parties of record as follows

By: _____
Marcia Pennicott

Dated: 9/4/2018

9/4/2018 991 Grant Ave, Pelham, NY 10803 - Zillow

Case 7:18-cv-03766-CS Document 12 Filed 09/04/18 Page 11 of 11
Case 7:18-cv-08298-CS Document 1 Filed 09/12/18 Page 19 of 19

♡ SAVE    SHARE    MORE ▾      ↗ EXPAND    ✕ CLOSE

Public    Landlord



New York · Pelham · 10803 · Pelham Manor · 991 Grant Ave

## 991 Grant Ave
### Pelham, NY 10803

3 beds · 2 baths · 1,829 sqft

**OFF MARKET**

Zestimate®: **$771,003**

Rent Zestimate®: $4,500 /mo

**EST. REFI PAYMENT**

Est. Refi Payment: **$3,081/mo**

🔘 See current r[ates]

⑤ See current rate[s]

## Home Shoppers are Waiting

24 shoppers are looking in your neighborhood and price range.

👤 Your name

📞 Phone

✉ Email

I own this home and would like to ask an agent about selling 991 GRANT AVE, PELHAM, NY 10803.

Or call 855-350-2438 for more info

Is this your rental?

Get a monthly local market report with comparable rentals in your area.

○ I own and manage this